WOLLMAN, Circuit Judge,
dissenting.
The court’s opinion sets forth a most thorough review of our decisions in cases of this nature, but it seems to me that the opinion leads to the conclusion that the Board’s decision must be upheld.
In describing the events that occurred at Respondent’s plant on October 1, 1991, we pointed out that less than two minutes elapsed from the time Reverend Jackson entered the plant to the time he entered the front office; that the activities within and *408 without the plant were restrained in nature; that neither Reverend Jackson nor any union agents made any threats of any kind against Respondent’s management, employees or property; that Reverend Jackson’s exchange with Gary Smith was quiet and civil; that the employees had not, contrary to Respondent’s assertions; erupted into a frenzy or near-riot. N.L.R.B. v. Earle Industries, Inc., 999 F.2d 1268, 1270, 1273 (8th Cir.1993). Granted, the issue in that appeal was whether the events of that day interfered with the representation election held later that month, but our holding that they did not supports the Board’s holding that Ms. Wallace’s October 1, 1991, conduct fell within the zone of activities protected by Section 7 of the National Labor Relations Act.
Given Reverend Jackson’s short stay within the employees’ area of the plant, the restrained nature of his exchange with Gary Smith, and his subsequent entry through the visitors’ entrance, I agree with the Board that Ms. Wallace’s conduct in encouraging Reverend Jackson to enter and proceed through the employees’ entrance was neither flagrant nor extreme and did not differ in any material way from the encouragement offered to Reverend Jackson by other employees, none of whom was later disciplined by Respondent.
Likewise, although I join with the court in decrying dishonesty and false statements by employees, I cannot say that the Board abused its discretion in holding that Ms. Wallace’s false answers during the October 7 interrogation did not forfeit her right to the protections afforded her by the Act. If false testimony under oath before an administrative law judge does not preclude reinstatement, see ABF Freight System, Inc. v. N.L.R.B., — U.S.-, 114 S.Ct. 835, 127 L.Ed.2d 152 (1994), neither do the false statements made by Ms. Wallace in what the Board found was a coercive interrogation and then only after she had initially exercised her right not to answer any questions regarding her activities on October 1, 1991. Had I been the administrative law judge in this case, I might well have ruled as Judge West did, for I am no more tolerant of false statements than are my colleagues. Employers are entitled to honest employees, but where the false statements are made in the course of protected union activity, it is within the Board’s discretion to fashion a remedy for a violation of that protected activity that in effect does not penalize, and perhaps will be viewed by some as rewarding, such statements.
I would deny the petition for review and would enforce the Board’s order of reinstatement.